IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2012 DEC 19 A 10: 09

CLERK_____
SO. DIST. OF GA.

JOSEPH HARPER,

    Plaintiff,

v.

CIVIL ACTION NO.: CV510-047

CHRIS PERKINS; RODNEY COURSON;
JEREMIAH DAVIS; and MATT GOURLEY,

    Defendants.

## ORDER

This case arises out of the alleged use of excessive force by Defendants against Plaintiff. Plaintiff alleges that Defendants were called to his home because of his intoxicated behavior. Plaintiff further alleges that before Defendants arrived he fled into the woods behind his house. Plaintiff alleges that he set his rifle out of his reach and then climbed a tree. Plaintiff alleges that all Defendants "concurred through their speech and conduct that they should use Tasers to bring Plaintiff down from the tree." (Doc. No. 1, p. 3). Plaintiff further alleges that Defendant Gourley attempt to use a Taser on him and then Defendant Davis successfully used a Taser on him, which caused him to fall out of the tree. Plaintiff asserts that Defendants' use of Tasers constitutes excessive force.

Plaintiff filed a Motion in Limine to exclude from trial any reference to the severity of the crimes for which the Defendants were called to his home, the domestic dispute preceding Defendants' arrival, Plaintiff having fired his rifle into the ceiling of his home,

AO 72A
(Rev. 8/82)

and an allegation that Plaintiff intentionally pointed his gun at anyone. Plaintiff alleges that these facts and allegations are irrelevant, unfairly prejudicial, and likely to cause the jury to confuse the issues. Defendants Perkins, Courson, and Davis filed a joint Response, and Defendant Gourley also filed a Response.

Evidence must be relevant to be admissible. FED. R. EVID. 402. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, [or] misleading the jury[.]" FED. R. EVID. 403. "Since Rule 403 permits the exclusion of otherwise probative evidence, it must only be used sparingly and the district court must strike the balance in favor of admissibility." Boyd v. Ala. Dep't of Corr., 296 F. App'x 907, 909 (11th Cir. 2008) (citations omitted).

"The Fourth Amendment's freedom from unreasonable searches and seizures encompasses the plain right to be free from the use of excessive force in the course of an arrest. The question is whether the officer's conduct is objectively reasonable in light of the facts confronting the officer." Vinyard v. Wilson, 311 F.3d 1340, 1347 (11th Cir. 2002) (citations omitted). Factors to be considered in determining the reasonableness of the force used include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting or attempting to evade arrest by flight." Graham v. Connor, 490 U.S. 386, 396 (1989).

AO 72A
(Rev. 8/82)

The severity of the crimes for which the Defendants were called to his home, the domestic dispute preceding Defendants' arrival, Plaintiff having fired his rifle into the ceiling of his home, and an allegation that Plaintiff intentionally pointed his gun at anyone are all directly relevant to the reasonableness factors, so long as Defendants had knowledge of these topics during their interaction with Plaintiff. Moreover, the highly probative value of these facts is not outweighed by any prejudice to Plaintiff. Additionally, the Court concludes that the jury will not be confused by the admission of these topics. Defendants may testify regarding these topics to the extent that they were provided information on these topics before their interaction with Plaintiff. Plaintiff's Motion in Limine (Doc. No. 71) is **DENIED**.

**SO ORDERED**, this 19th day of December, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)