IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2013 JAN 28  A 11: 34

CLERK _____
SO. DIST. OF GA.

JOSEPH HARPER,

      Plaintiff,

    v.

CHRIS PERKINS; RODNEY COURSON;
JEREMIAH DAVIS; and MATT GOURLEY,

      Defendants.

CIVIL ACTION NO.: CV510-047

## ORDER

This case arises out of the alleged use of excessive force by Defendants against Plaintiff. Plaintiff alleges that Defendants were called to his home because of his intoxicated behavior. Plaintiff further alleges that before Defendants arrived he fled into the woods behind his house. Plaintiff alleges that he set his rifle out of his reach and then climbed a tree. Plaintiff alleges that all Defendants "concurred through their speech and conduct that they should use Tasers to bring Plaintiff down from the tree." (Doc. No. 1, p. 3). Plaintiff further alleges that Defendant Gourley attempt to use a Taser on him and then Defendant Davis successfully used a Taser on him, which caused him to fall out of the tree. Plaintiff asserts that Defendants' use of Tasers constitutes excessive force.

Plaintiff filed a Motion in Limine to exclude from trial any reference to the severity of the crimes for which the Defendants were called to his home, the domestic dispute preceding Defendants' arrival, Plaintiff having fired his rifle into the ceiling of his home,

and an allegation that Plaintiff intentionally pointed his gun at anyone. Plaintiff argued, in his Motion, that these facts and allegations are irrelevant, unfairly prejudicial, and likely to cause the jury to confuse the issues. By Order dated December 19, 2012, the Magistrate Judge denied Plaintiff's Motion. Plaintiff filed an Objection to the Magistrate Judge's Order, and Defendant Gourley filed a Response.

Plaintiff makes no new arguments in his Objection. Plaintiff reiterates his position that the severity of the crimes for which the Defendants were called to his home, the domestic dispute preceding Defendants' arrival, Plaintiff having fired his rifle into the ceiling of his home, and an allegation that Plaintiff intentionally pointed his gun at anyone are irrelevant facts and allegations because Defendants testified that they used a Taser on him because he had a rifle in his hand. As the Magistrate Judge correctly noted, "[t]he question is whether the officer's conduct is *objectively* reasonable in light of the facts confronting the officer." Vinyard v. Wilson, 311 F.3d 1340, 1347 (11th Cir. 2002) (citations omitted) (emphasis added). Factors to be considered in determining the reasonableness of the force used include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting or attempting to evade arrest by flight." Graham v. Connor, 490 U.S. 386, 396 (1989). The Magistrate Judge correctly determined that, so long as Defendants had knowledge of these matters during their interaction with Plaintiff, they "are all directly relevant to the reasonableness factors" and "the highly probative value of these facts is not outweighed by any prejudice to Plaintiff" nor will the jury "be confused by the admission of these topics." (Doc. No. 84, p. 3).

AO 72A
(Rev. 8/82)

Plaintiff's Objection (Doc. No. 86) to the Magistrate Judge's Order is **overruled**. The Order of the Magistrate Judge is neither clearly erroneous nor contrary to law, and shall remain the Order of the Court.

**SO ORDERED**, this ___ day of _____, 2013.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)